[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10923
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00391-JOF-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 20, 2010)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Melvin Martin appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Martin argues

that the denial of his motion to reopen the suppression hearing for new evidence resulted in a violation of procedural due process.  He also argues that the district court erred in denying his motion to suppress.  After a thorough review of the parties' briefs and the record, we affirm.

## I.

Martin first argues that the district court violated his procedural due process rights by refusing to reopen the suppression hearing.[1]  We review a district court's denial of a motion to reopen a suppression hearing for an abuse of discretion.  See United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

Martin asked the district court to reopen the suppression hearing based on allegations that a police officer who testified at his suppression hearing had engaged in official misconduct in a different matter.  The government properly notified Martin that, several months after the suppression hearing, the officer had been accused of sexually assaulting a person he had detained.  The district court

---

[1]The government argues that Martin waived his right to appeal this issue as part of his plea agreement.  We disagree.  The appeal waiver provision in Martin's plea agreement states that Martin may appeal the "adverse determination" made by the magistrate judge in her report and recommendation ("R&R") on Martin's motion to suppress.  Martin objected to the R&R in part on the basis of the misconduct allegations.  In denying Martin's motion to suppress, the district court rejected Martin's request to reopen the suppression hearing in light of the misconduct allegations and instead affirmed the R&R.  Thus, the exception to Martin's appeal waiver encompasses not only the district court's ultimate ruling on his motion to suppress, but also its underlying refusal to reopen the suppression hearing.

reviewed the information provided by the Atlanta Police Department ("APD") in camera, and concluded that the allegations of sexual assault were not relevant to the court's credibility determination because there was no indication that the officer had made a false statement. After careful review of the same APD documents considered by the district court, we conclude that the district court did not abuse its discretion in refusing to reopen the suppression hearing.

## II.

Martin next argues that the district court erred in denying his motion to suppress the gun found in his vehicle. "In reviewing a district court's ruling on a motion to suppress evidence, we review factual findings for clear error and the court's application of law to those facts *de novo*." United States v. Goddard, 312 F.3d 1360, 1362 (11th Cir. 2002). We also defer to a district court's determinations regarding witness credibility unless the court's understanding of the facts appears to be "unbelievable." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). "In addition, we may affirm the denial of a motion to suppress on any ground supported by the record." United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

Martin argues that the search of his vehicle for a gun constituted a warrantless investigatory search that did not fall within any of the exceptions to

3

the warrant requirement. After careful review of the record, however, we conclude that the search of Martin's truck fell within the automobile exception to the warrant requirement. "The automobile exception allows the police to conduct a search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search." United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007). Under the first prong of this test, "no special exigency is required beyond a showing of the mobility of the automobile." United States v. Watts, 329 F.3d 1282, 1285 (11th Cir. 2003). "All that is necessary to satisfy this element is that the automobile is operational." Id. at 1286. Under the second prong, "[p]robable cause . . . exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." Lindsey, 482 F.3d at 1293 (quotation marks omitted). Probable cause does not "require certainty on the part of the police." Dahl v. Holley, 312 F.3d 1228, 1234 (11th Cir. 2002).

It is undisputed that Martin's truck was operational, so the only question is whether the officers had probable cause to search the truck. When the first officer arrived, a woman told him that Martin had retrieved a gun from his truck and threatened her with it. The officer saw Martin standing near his truck and observed that one of the truck's doors was open. The other officer patted Martin

4

down and did not find a weapon on him. Considering the totality of the circumstances, a fair probability existed that the weapon would be found inside Martin's truck, and therefore the officers had probable cause to search it. <u>Cf.</u> <u>United States v. Salmon</u>, 944 F.2d 1106, 1124 (3d Cir. 1991) ("[A]s no guns were found on any of the defendants, the next logical place to look was in the defendants' cars."). We conclude that the district court did not err in denying Martin's motion to suppress the gun.

For these reasons, Martin's conviction is AFFIRMED.